

U.S. Department of Justice

United States Attorney
Eastern District of New York

SDD/DKK
F.# 2017R00995

271 Cadman Plaza East
Brooklyn, New York 11201

November 29, 2017

By Hand and ECF

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. William Kelly
                  Criminal Docket No. 17-459  (AMD)

Dear Judge Donnelly:

        The government respectfully submits this letter in connection with the defendant's sentencing, which is scheduled for December 1, 2017 at 4:30pm.  For the reasons set forth below, and based on the facts set forth in the Presentence Investigation Report and Addendum (collectively, the "PSR") and the defense submission of November 22, 2017 (ECF Dkt. No. 20), the government respectfully requests that the Court impose a term of five years' probation, with strict special conditions as set forth in Exhibit A to the plea agreement.  Pursuant to the terms of the plea agreement, and Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly recommend this sentence.

I.        **Background**

        As set forth in the PSR, the defendant came to the attention of investigators in or about July 2016 for reasons unrelated to the offense of conviction.  (PSR ¶ 2-3).  During the course of the investigation, authorities learned that the defendant was essentially homeless, abusing narcotics, and had engaged in placing skimming devices on ATM machines in an effort to gain unauthorized access to bank accounts by covertly capturing PIN numbers of bank customers.  (PSR ¶ 4).  More specifically, on or about and between November 13, 2016 and November 14, 2016, surveillance cameras captured an image of the defendant removing ATM skimming devices from two ATM machines in Pennsylvania.  On June 3, 2017, Special Agents of the Federal Bureau of Investigation arrested the defendant in Queens, New York for possession of ATM skimming equipment.  (PSR ¶ 4).  The defendant was remanded into custody following his initial appearance, and has remained in custody

since that time. On August 29, 2017, the defendant waived indictment and pleaded guilty before United States Magistrate Judge Robert M. Levy to an information charging him with one count of possession of access device making eqipment, in violation of Title 18, United States Code, Section 1029(a)(4). (PSR ¶ 1). The FBI has informed the two Pennsylvania banks that were compromised by the defendant's offense conduct in the count of conviction of the sentencing proceeding, and has made general notifications about possible injury to other banks that also may have been affected. (PSR ¶ 7). With respect to the banks, the government has learned that, due to the timely notification by the FBI, the banks were able to cancel compromised ATM cards before any substantial financial loss was incurred as a result of the November 2016 ATM skimming activity.

## II.     Applicable Law Pertaining to Sentencing

It is settled law that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct; [and]

(C) to protect the public from further crimes of the defendant.

Section 3553 also addresses the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). "[I]n determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [the Court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

It is well-settled that, at sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513

(2d Cir. 1988). Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

In addition, Federal Rule of Criminal Procedure 11 provides that a "plea agreement may specify that an attorney for the government will recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court)." Fed. R. Crim. P. 11(c)(1)(B).

### III. Guidelines Calculation

As set forth in the PSR, the defendants' Guidelines range term of imprisonment is between zero and six months. The Probation Department calculated the Guidelines range as follows:

| | |
|---|---|
| Base Offense Level: (§ 2B1.1) | 6 |
| Plus: 10 or more victims (§ 2B1.1(b)) | +2 |
| Plus: 10 or more victims (§ 2B1.1(b)(11)(A)(i) and (B)(i) | +4 |
| Less: Acceptance of Responsibility (§ 3E1.1(a)) | -2 |
| Adjusted Offense Level: | 10 |

The defendant has a Criminal History Category of I, and thus faces an advisory Guidelines range of between six and twelve month's imprisonment. (PSR ¶¶ 26, 56).

### IV. Sentencing Analysis

In sum, the government concurs with the position set forth in the defendant's submission with respect to the appropriate sentence in this case, which was the subject of the plea agreement. There is no dispute that the defendant's applicable advisory Guidelines range is between zero and six month's imprisonment. In addition, the defendant is eligible for a term of probation of up to five years. (PSR ¶¶ 29, 67). Under the circumstances presented here, a review of the Guidelines factors and the 3553(a) statutory sentencing factors tilts in favor of the imposition of a term of probation with strict conditions of supervision, as set forth in the plea agreement and the recommendation submitted by the Probation Department.

## Conclusion

        For the reasons set forth above, the government respectfully requests that the Court impose a sentence of five years' probation with strict and special conditions of supervised release, as set forth in Exhibit A to the plea agreement.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:   /s/
     Seth D. DuCharme
     Assistant U.S. Attorney
     (718) 254-6021

cc    Brendan McGuire, Esq.
      Anjan Sahni, Esq.
      Margaret Artz, Esq.
      Kristen McKeown, United States Probation Department